Parker C. J.
said, in substance, that the Court had come to the result, that the prisoner be not discharged. If the copy of the execution annexed to the gaoler’s first return were a true copy, he ought to be set at liberty; but it appears by the additional return, that he was committed on an execution in full force at the time. It has been contended to be essential, that a copy of the execution should be left with the gaoler upon the commitment. Though this is not required by any statute, which is a little surprising, yet as the habeas corpus act (St. 1784, c. 72, § 6) seems to take it for granted, and the practice has been to leave such copy, we are inclined to think it is necessary. We do not however decide the point. But although the statute imposes a penalty on the officer for refusing to furnish the prisoner with a copy of the process on which he stands committed, it does ’ not follow that the commitment will be unlawful if no copy has been left with such officer. The commitment must be lawful in the beginning, since the officer is allowed six hours after demand made to furnish a copy. The question then is, whether, if the commitment was originally lawful, a mistake in the copy left shall render the detention unlawful. If an incorrect copy is left on the day of the commitment, we should think a true copy might be left the 'next day or afterwards, if no injury is thereby done to the debtor. In the present case, where it appears that the debtor was lawfully committed originally, and the provision of law requiring a true copy of the execution to be left with the gaoler, if there be such provision, has now been complied with ; where the creditor has pursued the law of the land and got his debtor imprisoned, and where the debtor may obtain his liberty by paying the debt or by taking the debtor’s oath ; we think it would be going too far to say, that for this mere slip of the pen in the first copy of the execution the debtor is entitled to be discharged.